O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL HAMPTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MACOMBER,<br><br>　　　　Respondent. | NO. CV 14-6719-DDP (MAN)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

On August 27, 2014, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition seeks federal habeas relief with respect to Petitioner's Los Angeles Superior Court conviction and sentence in 1998 (Case No. KA039498) (the "State Conviction") and is the seventh habeas petition filed challenging the State Conviction.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

On December 1, 2000, Petitioner filed a 28 U.S.C. § 2254 habeas petition in Case No. CV 00-12667-RSWL (MAN) (the "First Action"). The petition filed in the First Action raised two claims for relief, alleging that the prosecution failed to disclose exculpatory DNA evidence and committed misconduct by failing to timely respond to a motion. (*See* petition in First Action at 6.) The First Action was resolved on the merits, and habeas relief was denied by Judgment entered on September 6, 2002. On March 18, 2003, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 02-56705).[1]

While the First Action was pending, Petitioner filed a separate Section 2254 habeas petition on January 22, 2001, in Case No. CV 01-635-RSWL (MAN) (the "Second Action"). In the Second Action, Petitioner raised claims based on asserted evidentiary and instructional errors, as well as a claim that his sentence was unauthorized under California law. (*See* petition filed in Second Action at 6-7.) On February 23, 2001, the Court dismissed the Second Action, without prejudice, on the basis that the action might run afoul of the second or successive petition prohibition set forth in 28 U.S.C. § 2244. The Court expressly directed Petitioner to seek leave in the First Action to file an amended habeas petition adding his additional claims, so that all of his claims would be considered in that pending action. Petitioner failed to do so and did not appeal.

On March 12, 2002, over a year later, Petitioner filed another Section 2254 habeas petition in Case No. CV 02-2075-RSWL (MAN) (the "Third Action"). In the Third Action, Petitioner raised three of the four grounds for relief alleged in the Second Action. (*See* petition filed in Third Action at 6-7.) On April 1, 2002, the Court dismissed the Third Action, without prejudice, on the basis that the action might run afoul of the second or successive petition prohibition of Section 2244.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

The Court again expressly and clearly directed Petitioner to seek leave in the First Action to file an amended habeas petition adding these claims, so that all of his claims would be considered in that pending action. Petitioner again failed to do so and did not appeal.

Instead, Petitioner waited a year and a half, until after the First Action was concluded, and then filed an application in the Ninth Circuit seeking leave to file a second or successive petition. That application was denied on July 28, 2003 (Case No. 03-72286). Petitioner waited another year and then filed a second application in the Ninth Circuit for leave to file a second or successive petition, which was denied on September 27, 2004 (Case No. 04-73765).

Over eight months passed. On June 23, 2005, Petitioner filed a fourth Section 2254 habeas petition in this district in Case No. CV 05-4568-RSWL (MAN) (the "Fourth Action"). In the Fourth Action, Petitioner raised the same four claims alleged in the dismissed Second Action (three of which were again raised in the dismissed Third Action). (*See* petition filed in Fourth Action at 5-6.) On August 11, 2005, the Court dismissed the Fourth Action, without prejudice, on the basis that it was second or successive. Petitioner did not appeal.

On October 17, 2005, Petitioner filed a third application in the Ninth Circuit seeking leave to file a second or successive petition, which was denied on January 27, 2006 (Case No. 05-75987). On April 4, 2006, Petitioner filed a fourth application in the Ninth Circuit for leave to file a second or successive petition, which was denied on June 14, 2006 (Case No. 06-71700).

On November 20, 2006, Petitioner filed a fifth Section 2254 habeas petition in this district in Case No. CV 06-7419-RSWL (MAN) (the "Fifth Action"). In the Fifth Action, Petitioner raised three of the same claims alleged in the dismissed Second Action. (*See* petition filed in Fifth Action at 5-6.) On December 12, 2006, the Court dismissed the Fifth Action, without prejudice, on the basis that it was second or successive. On April 4, 2007, Petitioner submitted a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which the Court

denied on April 27, 2007.  Petitioner did not appeal.

On September 5, 2007, Petitioner filed a fifth application in the Ninth Circuit for leave to file a second or successive petition.  The Ninth Circuit denied the application on November 21, 2007 (Case No. 07-73585).

Over three years passed.  On February 9, 2011, Petitioner filed a sixth application in the Ninth Circuit for leave to file a second or successive petition.  On April 21, 2011, the Ninth Circuit denied the application (Case No. 11-70428).

On July 5, 2011, Petitioner filed a sixth Section 2254 habeas petition in this district in Case No. CV 11-5527-RSWL (MAN) (the "Sixth Action").  In the Sixth Action, Petitioner raised the same claims alleged his sixth Ninth Circuit application for leave to file a second or successive petition, which the Ninth Circuit denied (Case No. 11-70428).  (*See* petition filed in Sixth Action at 5-6.)  On July 28, 2011, the Court dismissed the Sixth Action, without prejudice, on the basis that it was second or successive.  Petitioner did not appeal.

The instant, seventh Petition alleges two claims.  These claims are the *same* two claims alleged in the Sixth Action petition and for which the Ninth Circuit, in 2011, denied leave to file a second or successive petition.  The Ninth Circuit's dockets show that, since 2011, Petitioner has not filed any further application(s) seeking leave to raise his present claims through a second or successive Section 2254 petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence.  *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a

prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must **first** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here, and his earlier habeas petition was resolved adversely to him. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

Petitioner's present challenge to the validity of his State Conviction does not rest on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2). While he conclusorily alludes to "new evidence" in Ground One, the Petition rests on the same "evidence" on which he based the claims alleged in his sixth Section 2254 habeas petition -- claims which the Ninth Circuit already has found, as a *prima facie* matter, do not satisfy the requirements for bringing a second or successive petition. Thus, it does not appear that Petitioner can meet the requirements for obtaining leave to file a second or successive petition. Moreover, the instant Petition appears to be grossly untimely.

In any event, whether or not the claim alleged in the Petition may, as a *prima facie* matter,

5

satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring the instant second or successive Section 2254 petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: September 11, 2014.

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE